UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

August 21, 2018

David J. Bradley, Clerk

Brandon Devereaux, §
§
        Plaintiff, §
§
*versus* §                    Civil Action H-17-739
§
Nancy Berryhill, §
§
        Defendant. §

## Opinion on Summary Judgment

1.    *Introduction.*

There are two questions: (a) whether the commissioner committed a legal error in deciding that Brandon Devereaux's disability ended on April 1, 2013, and (b) whether substantial evidence supports this decision. She did not, and it does.

2.    *Standard of Review.*

Devereaux asks the court to reverse the commissioner's final decision to end his disability benefits. *See* 42 U.S.C. §§ 205(g), 405(g), (2018).

Judicial review is limited to determining whether the proper legal standard was used in evaluating the evidence and whether the decision is supported by substantial evidence in the record. Substantial evidence is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3.    *Statutory Criteria.*

The law has an eight-step process to determine whether a claimant is disabled. First, a claimant is not disabled if he works for substantial gain. Second, a claimant's disability does not continue unless his impairment meets or medically equals a listed impairment. Third, if a medical improvement has occurred, the analysis goes to the

fourth step. If not, the analysis goes to the fifth step. Fourth, the judge must determine whether the improvement is related to the claimant's ability to work. If so, the analysis goes to the sixth step. If not, the analysis ends. Fifth, the judge must determine if an exception to the medical improvement applies. If one group of exceptions applies, the analysis continues. If another group of exceptions applies, he is not disabled. If neither group of exceptions applies, the analysis continues. Sixth, the claimant is not disabled if his current impairments are not severe or do not significantly limit his ability to work. Seventh, the claimant is not disabled if he can still work how he used to. Eighth, the claimant is not disabled if he can perform other work in the national economy considering his age, education, and past work experience. § 20 C.F.R. 404.1594 (2018).

4. *Disability.*

    A. *Background.*

In September 2007, an administrative law judge found that Devereaux was disabled as of February 1, 2006, because of ankylosing spondylosis – a type of arthritis that inflames the spine. In October 2012, the Social Security Administration found that his disability ended in 2012 due to his failure to cooperate and insufficient evidence. Devereaux appealed. On May 30, 2013, an administrative law judge said his disability continued. In April 2014, a hearing officer said his disability ended on April 1, 2013. A judge affirmed this decision in May 20, 2015. He appealed to this court.

    B. *Legal Error.*

The commissioner did not commit a legal error. If it did, it was harmless. Devereaux has not demonstrated he could and would have presented evidence that might have altered the judge's finding that his disability ended on April 1, 2013.

Devereaux says the commissioner failed to fully develop his record. He says the record lacks important information, including his original disability finding. Devereaux says that an examination performed by Hanna S. Abu-Nassar, M.D., reveals that he had additional limitations and decreased range of motion in his spine. The commissioner says that even if it did not develop a full and complete record, its error was harmless.

The record may not be complete, but it does not have to be. Devereaux must show that he was prejudiced by an incomplete record. He cannot. He claims he saw a

rheumatologist, but he has no evidence of this. Each place he claims to have been treated cannot find his records. He also said he chose not to seek care after May 2013 because he did not want to risk losing his benefits. He did not go to his scheduled doctors' appointments on September 29, 2012, October 1, 2012, or March 29, 2013. He finally saw Nassar, whose examination is the only medical evidence in the record. This evidence was considered. Devereaux has shown that any problem with the record was due to his intention to manipulate the process. An absence of candor and cooperation in an applicant erodes his credibility.

C.     *Substantive Evidence.*

A judge in 2015 properly found Devereaux's disability ended on April 1, 2013.

First, he has not been gainfully employed. Second, since April 1, 2013, Devereaux has not had an impairment that met or medically equaled the severity of an impairment under listing 1.02A or 1.04A. Devereaux does not show facts that support finding he has dysfunctional knees. He has not presented evidence that his nerve root or spinal cord has been compromised. Third, Devereaux has medically improved. Nassar's exam shows that his ankylosing spondylitis no longer meets the listing. Nassar found that his walk was normal, his lumbar and hip x-rays were unremarkable, and there was no impairment of his spine. Devereaux did have decreased back extension but not enough to meet the listing.

Fourth, his improvement is related to his ability to work. Fifth, an exception to medical improvement does not apply. Sixth, Devereaux's impairments were severe. The judge found that the Devereaux's impairments caused him more than minimal limitation in his ability to perform basic activities. Seventh, he does not have past relevant work. Eighth, he can perform other work. The judge noted that his impairment could be expected to produce his alleged symptoms of being unable to walk and in constant pain; however, the judge concluded that his testimony on the intensity, persistence, and limitations of his symptoms was not credible to the extent that it was inconsistent with his residual function capacity test.

The Social Security Administration demonstrated that other work exists. He was twenty-nine on April 1, 2013, has a high-school education, speaks English, and has no past relevant work experience. Jobs in significant numbers exist for him in the

economy. Enough evidence has been offered to support the judge's finding that his disability ended on April 1, 2013.

To determine whether Devereaux's disability had ended, the judge considered Nassar's examination, his residual function capacity test by Robert Herman, M.D., and the testimony from medical expert Albert I. Oguejiofor, M.D., vocational expert Kassandra Humphress, and Devereaux. He has inconsistencies in the dates he was found disabled, but the narrative is clear. Devereaux was found disabled in 2007. His disability ended in 2012 in part because he did not do what he was obliged to. He appealed. He missed several scheduled appointments that had to do with his back. On May 30, 2013, a judge incorrectly said that his disability continued. After his disability payments continued, he stopped seeking medical help. He said he did not want to risk losing his benefits. The medical record is sparse because it is in his interest not to develop it.

5.    *Conclusion.*

The commissioner's decision denying Devereaux benefits was not the result of a legal error and is supported by substantial evidence. This decision is affirmed. Brandon Devereaux will take nothing from Nancy Berryhill.

Signed on August 20, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge